UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:25-cr-99-TKW

ALEXANDRA M. CHRISTENSEN
_____/

## ORDER OF RELEASE

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, the Court held a detention hearing in this matter on August 6, 2025. Appearing for the Government was Alicia Forbes. Appearing for the Defendant was Christopher Rabby.

Defendant has been charged in an indictment with one count of conspiracy to dispense a controlled substance and acquire a controlled substance by fraud. She was released on conditions at her initial appearance on June 27, 2025. Since that time, the U.S. Probation Office has filed three petitions alleging Defendant has violated the terms and conditions of her pretrial release, including the conditions that she not use a controlled substance and that she follow the instructions of her probation officer. The violations for failing to follow instructions involve Defendant's failure to report to probation for drug testing as directed on 4 separate occasions. Based on the alleged violations, the Government moved for revocation of the release conditions and for detention pursuant to 18 U.S.C. § 3148(b).

After considering the bond report, counsel's argument, and the relevant law, the Court finds Defendant's failure to comply with the terms and conditions of her pretrial release appears to be related to a significant and serious addiction to controlled substances. Thus, rather than detain Defendant in jail, the Court will offer Defendant one more chance to comply with the terms and conditions of her pretrial release and to obtain much needed substance abuse treatment.

According, it is ORDERED:

1.      Defendant must be evaluated for substance abuse inpatient treatment. This evaluation shall take place while Defendant remains in custody.  Defendant shall comply with, and successfully complete, all recommended treatment to include inpatient and aftercare outpatient treatment and cognitive behavioral therapy.  If residential substance abuse treatment is deemed appropriate by the treatment provider, Defendant shall successfully complete a program as recommended by the treatment provider and probation officer.  Should a contracted vendor provide this service, the U.S. Probation Office will pay up to the first 90 days of inpatient treatment, after which time the Defendant will be responsible for the cost only to the extent required by a fee schedule or policy adopted by the facility for patients generally.  Upon completion of the inpatient program, Defendant shall follow the recommendations of the treatment provider/probation officer regarding aftercare services.

2.      Defense counsel shall notify the U.S. Probation Officer that Defendant has been accepted into an inpatient treatment program, and upon such notification, Defendant shall be placed on GPS stand-alone monitoring.  Defendant shall comply with all the conditions of the location monitoring program.

3.      Defendant shall be released from the custody of the U.S. Marshals Service *only* upon acceptance into an inpatient treatment program and successful installation of the GPS equipment and Defendant shall immediately report to the inpatient treatment facility.

4.      Upon completion of the inpatient program, Defendant shall continue to comply with the existing terms and conditions of her pretrial release.

5.      The Probation Office shall immediately notify the Court of any noncompliance of this Order.

Entered on August 6, 2025.


*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:25-cr-99/TKW